### REDLER v. FULLER.

(Supreme Court, Appellate Term. February 24, 1910.)

REPLEVIN (§ 8*)—RIGHT TO POSSESSION—TITLE.

> Plaintiff, a salesman for M. & Co., sold defendant a couch, for which defendant agreed to pay plaintiff in 30 days or return the couch.   Plaintiff sold the couch on commission, and promised M. & Co. to be responsible therefor.   The couch was billed to defendant by M. & Co., who thereafter charged it to plaintiff on its books; but plaintiff had not paid therefor.   *Held*, that plaintiff had neither title nor right of possession, and could not, therefore, maintain replevin.
>
> [Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 45–68; Dec. Dig.   § 8.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Benjamin Redler against Elizabeth Fuller.   Judgment for plaintiff, and defendant appeals.   Reversed, and new trial ordered.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Sol. Tekulsky, for appellant.

Hartman, Hayman & Schuhmann (Max Schuhmann, of counsel), for respondent.

PER CURIAM.   Plaintiff is a salesman engaged by F. Mohr & Co., a corporation, on commissions.   According to his testimony he

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sold the defendant the couch in question, for which she agreed to pay in about 30 days, or he was to get the couch. He admits that the couch belonged to the company, that he sold it as their salesman, and that it was billed against defendant by the company. It is testified that plaintiff promised the company that he would be responsible if she did not pay within 30 days, and that at some time before the trial the amount was charged to him on the company's books; but it was conceded that he had not even then paid the amount to the company. He has not shown that he had at the commencement of the action any title or right of possession upon which a replevin suit can be based.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event.